UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NICHOLAS RUSHLOW, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:12-CV-278 RM |
| ) | (Arising out of 3:01-CR-93 RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION and ORDER

In 2002, Nicholas Rushlow was sentenced to 97 months imprisonment, to be followed by a 3-year term of supervised release, after pleading guilty to using a firearm during drug trafficking activities and unlawful possession of a firearm. He was released from prison in 2009, but his supervised release was revoked, following an evidentiary hearing in March 2011, when Mr. Rushlow violated the terms of supervision, and he was sentenced to 54 months imprisonment. After the court of appeals dismissed his appeal, see United States v. Rushlow, 448 Fed.Appx. 629 (7th Cir. Nov. 23, 2011), Mr. Rushlow filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming that he would have accepted the government's offer to stipulate to the non-felony violations and to recommend a 27-month sentence, had counsel not misinformed him about the maximum sentence he faced. That motion and Mr. Rushlow's motion for appointment of counsel are now before the court.

During the initial revocation proceeding on February 1, 2011, the prosecuting attorney and the court advised Mr. Rushlow that he was facing a maximum of three years imprisonment based on his criminal history. The probation officer subsequently determined that an error had been made, and that Mr. Rushlow actually was subject to a five year (sixty month) statutory maximum under 18 U.S.C. § 3583(h). That error and the corrected sentencing information was communicated to the prosecuting attorney, was forwarded Mr. Rushlow's attorney, Robert Truitt, by email on February 9, 2011, and was included in the probation officer's Summary Report of Violations, which was provided to counsel on March 16, 2011.

The prosecuting attorney made an initial offer to stipulate to the non-felony violations alleged in the petition to revoke and to recommend a sentence of 27 months based on the erroneous calculation of Mr. Rushlow's Guideline sentencing range (24-30 months). Although Mr. Truitt advised the prosecutor on March 9, 2011 that Mr. Rushlow had declined the offer and elected to proceed to the hearing, the offer reportedly remained open up until the time of the March 18, 2011 hearing. Mr. Rushlow once again rejected the offer and proceeded with the hearing. The court found on the basis of the evidence presented that Mr. Rushlow had violated the terms of his supervision, and sentenced him to 54 months' imprisonment (a sentence above the applicable Guideline range of 27-46 months, but below the maximum statutory). Mr. Rushlow appealed, but counsel moved to withdraw because he couldn't find a nonfrivoulous argument to pursue. Mr.

Rushlow didn't respond to his attorney's submission, and the court of appeals granted the motion to withdraw and dismissed the appeal, finding in relevant part that the 54-month term of reimprisonment was not "plainly unreasonable."  Mr. Rushlow's motion to vacate, set aside, or correct his sentence followed.

Mr. Rushlow contends that trial counsel provided ineffective assistance during when he miscalculated the maximum sentence he was facing, told him the maximum was 36 months, and failed to inform him that an error had been committed and that the statutory maximum was actually 60 months. Had he known, Mr. Rushlow says, he would have accepted the government's offer to stipulate to the non-felony violations and to recommend a 27-month sentence. He contends that he was prejudiced when he received a significantly longer sentence.

"[A]n ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).  But judicial scrutiny of an attorney's performance is "highly deferential," and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Jones v. Page, 76 F.3d 831, 840 (7th Cir. 1996) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)). To overcome that presumption, Mr. Rushlow must show that counsel's representation was so deficient that it "fell below an objective standard of reasonableness," and that it prejudiced his defense. Strickland v. Washington, 466

3

U.S. 668, 687-88, 694 (1984); Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006); United States v. Bradford, 78 F.3d 1216, 1225 (7th Cir. 1996). To show prejudice, Mr. Rushlow must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694. If he can't make a showing on both prongs, his claim must be dismissed.

An inaccurate prediction of a sentence, standing alone, doesn't amount to deficient performance. Bethel v. United States, 458 F.3d 711, 717 (7th Cir. 2006); United States v. Cieslowski, 410 F.3d 353, 359 (7th Cir. 2005); Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000); United States v. Martinez, 169 F.3d 1049, 1053 (7th Cir. 1999); United States v. Barnes, 83 F.3d 934, 940 (7th Cir. 1996). To prove that his attorney's performance was deficient, a defendant must "show that his attorney did not make a good-faith effort to discover the facts relevant to his sentencing, to analyze those facts in terms of the applicable legal principles and to discuss that analysis with him." United States v. Barnes, 83 F.3d at 940 (citations omitted). *See also* Bethel v. United States, 458 F.3d at 717 ("When assessing counsel's performance . . . a reasonably competent lawyer will attempt to learn all of the relevant facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis to the client before allowing the client to plead guilty."); United States v. Cieslowski, 410 F.3d at 359; Bridgeman v. United States, 229 F.3d at 592.

But Mr. Rushlow isn't simply contending that counsel miscalculated his

4

sentencing range, he contends that Mr. Truitt knew an error had been committed and failed to communicate the corrected information to him.

The government submitted an affidavit from Mr. Rushlow's attorney in opposition to the motion to vacate. In that affidavit, Mr. Truitt attests that:

(1) It was his "standard practice" to review correspondence and documents relating to sentencing with his client.

(2) While he didn't recall reading the February 9, 2011 email to Mr. Rushlow, it was his "consistent practice to read every document regarding a case to the client in question, especially those involving possible sentences."

(3) He "always review[s] the contents [of the Summary Report of Violations] with [his] clients, "this case was no exception," and he was "certain that [he] would have notified Mr. Rushlow of the sentencing information as provided in the Summary Report before his final hearing on March 18, 2011." [Doc. No. 67-2].

(4) "Mr. Rushlow knew leading up to that hearing that he faced a maximum term of sixty months imprisonment."

Mr. Rushlow disagrees. He asserts in his verified motion and reply brief, that Mr. Truitt told him that: (1) "the government was offering him 27 months imprisonment if he admitted to association with a person convicted of a felony; failure to notify probation officer within 72 hours of being arrested or questioned by law enforcement; failure to successfully participate in after care drug

5

treatment; and consumption of alcoholic beverages"; (2) "if he accepted this offer[,] he would not have to admit to the alleged battery; attempted murder; possession of a firearm; and criminal recklessness with a deadly weapon [violations]"; and (3) "if he did not accept this offer that he could face a maximum term of imprisonment of 36 months." Mr. Rushlow further attests that Mr. Truitt didn't read the e-mail or the Summary Report of Violations to him, never went over the Summary Report of Violations with him, and never advised him that the maximum term of imprisonment he faced was 60 months, and that "[h]ad counsel . . . told him that he could face 60 months imprisonment he would have accepted the [government's] 27 month offer."

Mr. Rushlow's statements were made under penalty of perjury, are objective evidence of the facts alleged, *see* Kafo v. United States, 467 F.3d 1063, 1068 (7th Cir. 2006), and raise an issue of fact as to whether counsel was deficient in failing to communicate the corrected sentencing information to Mr. Rushlow before the government's offer to stipulate expired and the final revocation hearing commenced.

Whether Mr. Rushlow can show that his attorney's performance was deficient and that he was prejudiced as a result remains to be determined. Mr. Rushlow's assertion that he would have accepted the government's offer but for counsel's alleged deficient performance is conclusory but verified, and, under the circumstances, is sufficient to warrant further proceedings in this case. *See* Lafler v. Cooper, 132 S.Ct. 1376, 1388-1390 (2012).

6

Accordingly, the court DEFERS ruling on Mr. Rushlow's motion to vacate [Doc. No. 65], GRANTS his motion to appoint counsel [Doc. No. 70], and DENIES the motions to expedite [Doc. Nos. 71 and 73] as moot.  An evidentiary hearing will be set by separate order as soon as new counsel has appeared.

SO ORDERED.

ENTERED:   July 15, 2013

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court

cc:   N. Rushlow
D. Schmid